**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**www.flmb.uscourts.gov**

In re:                                                                          Chapter 7

ROBERT W. SZOSTAK                                       Case No. 22-11098-MAM

               Debtor.
_____/

## NOTICE OF RULE 2004 EXAMINATION

☐     *Testimony:* Pursuant to Federal Rule of Bankruptcy Procedure 2004 and Local Rule 2004-1, **MicroBilt Corporation and Princeton Alternative Funding, LLC** will examine **Robert Szoztak, the Debtor** under oath on **March 30, 2022** at **10:00 a.m.**. **(ET)** The examination will be conducted **via video conference (details will be filed on the docket and served five (5) days before the examination)**, and will be recorded stenographically by a court reporter, who shall be available at the scheduled time and place, and further intends to use real-time transcription if available. The examination may continue from day to day until completed.

☐     *Production:* Pursuant to Federal Rule of Bankruptcy Procedure 2004 and Local Rule 2004-1, **MicroBilt Corporation and Princeton Alternative Funding, LLC** requests that **Robert Szostak the Debtor** produce the documents, electronically stored information, or objects described on the attached schedule (or if the examination is of a witness other than the debtor, on the attached subpoena), who must permit inspection, copying, testing, or sampling of the materials on **March 23, 2022** at **9:00 a.m. (prevailing eastern time)**, at **777 S Flagler Dr ., West Palm Beach FL 33401**

    If the examinee receives this notice less than 14 days before the scheduled examination date, the examination will be rescheduled upon timely request to a mutually agreeable time. The scope of the examination will be as described in Bankruptcy Rule 2004. Pursuant to Local Rule 2004-1 no order is necessary. If the examination is of a witness other than the debtor, the Local Form "Subpoena for Rule 2004 Examination" is included with this notice.

Dated: March 7, 2022

                                            REED SMITH LLP
                                            */s/ Alexis A. Leventhal*
                                            Alexis A. Leventhal (Fla. Bar No. 108064)
                                            225 Fifth Avenue, Suite 1200
                                            Pittsburgh, PA 15222
                                            Telephone: (412) 288-3131
                                            Facsimile: (412) 288-3063
                                            Email: aleventhal@reedsmith.com
                                            *Counsel for MicroBilt Corporation and Princeton Alternative Funding, LLC*

## *SCHEDULE TO NOTICE OF RULE 2004 EXAMINATION*

### PRIVILEGED OR PROPRIETARY MATTERS

If any document request requires the production of documents for which the protection of privilege or work product is asserted, identify in writing each document and provide the following information:

    (a)    the reason for withholding the document;

    (b)    a statement of the basis for the claim of the privilege, work product, or other grounds of nondisclosure; and

    (c)    a brief description of the document, including:

        (i)    the date of the document;

        (ii)    number of pages, attachments, and appendices;

        (iii)    the names of its author, authors, or preparer and identification by employment and title of each such person;

        (iv)    the name of each person who was sent, shown, or carbon copied the document or who has had access to or custody of the document, together with an identification of each such person;

        (v)    the present custodian; and

        (vi)    the subject matter of the document, and in the case of any document relating or referring to a meeting or conversation, identification of such meeting or conversation.

### LOST OR DESTROYED DOCUMENTS

If any document requested has been lost, discarded, or destroyed, identify such document as completely as possible, including the following information:

    a.    the type of document;

    b.    the date of the document;

    c.    the date or approximate date it was lost, discarded, or destroyed;

    d.    the circumstances and manner in which it was lost, discarded, or destroyed;

    e.    the reason or reasons for disposing of the document (if discarded or destroyed);

    f. the identity of all persons authorizing or having knowledge of the circumstances surrounding disposal of the document;

    g. the identity of the person(s) who lost, discarded, or destroyed the document; and

    h. the identity of all persons having knowledge of the contents thereof.

## TIME PERIOD FOR REQUESTED DOCUMENTS

Except as provided in a particular document request, you shall produce all documents created, revised, or amended from and including November 1, 2014 to present.

## DEFINITIONS

1. "concerning" means relating to, referring to, describing, evidencing or constituting.

2. "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

3. "document" means all written, graphic, or otherwise recorded matter, however produced or reproduced, in the actual or constructive possession, custody, care or control of Debtor, Debtor's agents and attorneys, or any of them, including but not limited to, originals and all copies of correspondence, tapes, videotapes, disks, notes, photographs, sound recordings, memoranda of all types, reports, copies of tax returns and records, receipts, bills, invoices, purchase orders, charge slips, hotel charges, working papers, computer printouts, charts, statistical records, delivery records, stenographers' notebooks, desk calendars, appointment books, diaries, time sheets and logs, job, matter and transaction files, and any papers or recordings similar thereto, including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

4. "Debtor" means Robert Szostak and representatives of any of the foregoing and all other persons acting or purporting to act on behalf of any of the foregoing.

5. "Electronic Data Sources" means your computers, cell phones, laptops, personal devices, servers, drives and any other storage devices that contain relevant information as described below

- e-mail, voice mail, text, WHATS APP and other instant messaging applications;
- Word or WordPerfect digital documents and drafts;
- Excel or other spreadsheets and tables;
- Accounting Application Data;
- Facsimile and PDF, TIFF, JPG, images;
- Video, Audio Photographs and AVI files;
- Databases;
- Outlook or other contact and relationship management data;
- Outlook and other calendar and diary application data;
- Online Access Data;
- PowerPoint and other presentations;
- Network Access and Server Activity Logs;
- Project Management Application Data;
- Computer Aided Design/Drawing Files;
- Back Up and Archival Files; and
- Social Media applications and websites, including, but without limitation, Facebook, Twitter, LinkedIn, blogs.

6. "person" means any natural person or any business, legal or governmental entity or association.

7. "Relevant Time Period" means the period of time commencing on November 1, 2014 and ending on the date of the deposition held pursuant to this Notice.

8. "you" or "your" means the party to whom this Notice is addressed, together with all agents and other persons acting on behalf of that party.

## INSTRUCTIONS

1. The Debtor shall produce the Electronic Data Sources for a forensically sound inspection and collection by a forensic firm.

2.      The forensically sound collection and subsequent searching and production of relevant information and documents shall be handled in accordance with Appendix A to the Court's December 17, 2021 Order entered in the case captioned *Princeton Alternative Funding, LLC v. Farrell, et al*. MER-L-000675-20/MER C-6-16 (N.J. Super. Ct. Law Div.) and attached and incorporated herein.

3.      The Debtor shall cooperate with the forensic firm by providing access to all Electronic Data Sources that may contain potentially relevant data, including but not limited to any and all Electronic Data Sources referenced in the Electronically Stored Information Preservation Letter dated September 30, 2021 which is attached hereto and incorporated herein. Access to all electronic data sources will include, but is not limited to, providing log in credentials, passwords and requisite access to the data sources.

Requests for the Production of Documents

1.      Please produce a copy of the Certificate of Completion in Part 5, Question 15 of the Petition filed by the Debtor.

2.      Please produce any and all statements of account or transactions history from February 1, 2021 to the present for any accounts listed in Part 4, Question 17 of the Schedule A/B filed by the Debtor in the above referenced case.

3.      Please produce any and all Documents exchanged and/or communications with the Securities and Exchange Commission related to the "Possible SEC Whistleblower Award" listed in Part 4, Question 34 of the Schedule A/B filed by the Debtor in the above referenced case.

4.      Please produce all Documents in any way related to any aspect of the Debtor's association with or ownership, founding and officer/manager role with Lead Hero LLC from February 1, 2018 to the present.

5. Please produce all Documents in any way related to any aspect of the Debtor's association with or ownership, founding and officer/manager role with Present Company LLC from February 1, 2018 to the present.

6. Please produce all Documents in any way related to any aspect of the Debtor's association with or ownership, founding and officer/manager role with Sarah Copley Media from February 1, 2018 to the present.

7. Please produce any and all statements of account or transactions history from February 1, 2021 to the present for any accounts listed in Part 2, Question 4 of the Schedule E/F filed by the Debtor in the above referenced case.

8. Please produce any and all Documents and materials required by the Court's December 17, 2021 Order and the Court's February 4, 2022 Order entered in the case captioned Princeton Alternative Funding, LLC v. Farrell, et al. MER-L-000675-20/MER C-6-16 (N.J. Super. Ct. Law Div.)

9. As required by the Court's December 17, 2021 Order and the Court's February 4, 2022 Order entered in the case captioned Princeton Alternative Funding, LLC v. Farrell, et al. MER-L-000675-20/MER C-6-16 (N.J. Super. Ct. Law Div.), please produce all of the Debtor's electronic devices for forensic inspection and imaging.

10. As required by the Court's December 17, 2021 Order and the Court's February 4, 2022 Order entered in the case captioned Princeton Alternative Funding, LLC v. Farrell, et al. MER-L-000675-20/MER C-6-16 (N.J. Super. Ct. Law Div.), please produce all of the Debtor's Electronic Data Sources, including, but are not limited to, the following:

      a. the Debtor's personal Dell computer;
      b. the Debtor's cell phone (including, but not limited to those bearing numbers 609.306.7210 and/or 609.731.1474

    c.  The Debtor's personal email accounts (Bertstak@yahoo.com, Bertstak@gmail.com, Bert@presentcompanyonline.com, Ben@keycap.com, Bert@leadhero4sales.com, and Bert@crossbowcapitaladvisors.com) and including all inboxes, received items, all outboxes and sent items and all sent items, spam, deleted folders and calendar and contact information;

  11.  Please produce all e-mail and other written communications, memorandums, writings, excels, QuickBooks, and attachments by, between or among the Debtor to anyone, concerning any issues related to any aspect of the Debtor's employment with, association with or ownership in Princeton Alternative Funding, LLC and/or Princeton Alternative Income Fund LP

  12.  Please produce all text message communications on any cell phone, personal device or other electronic device used by Debtor, related to any aspect of the Debtor's employment with, association with or ownership in Princeton Alternative Funding, LLC and/or Princeton Alternative Income Fund LP.

  13.  Please produce all computer websites visited, computer searches on any and all search engines related to any aspect of the Debtor's employment with, association with or ownership in Princeton Alternative Funding, LLC and/or Princeton Alternative Income Fund LP.

  14.  Please produce all voice mail communications related to any aspect of the Debtor's employment with, association with or ownership in Princeton Alternative Funding, LLC and/or Princeton Alternative Income Fund LP

  15.  Please produce all video, sound recordings and photographs related to any aspect of the Debtor's employment with, association with or ownership in Princeton Alternative Funding, LLC and/or Princeton Alternative Income Fund LP.

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on March 7, 2022, a copy of the foregoing was electronically filed with the Court using the CM/ECF system, which sent notification to all parties of interest who are participating in the CM/ECF system, and by First Class U.S. mail to all parties on the attached mailing service list.

                     */s/ Alexis A. Leventhal*
                     Alexis A. Leventhal

**First Class U.S. Mailing List:**
Robert W. Szostak
3191 S Dixie Hwy, Apt 515
West Palm Beach, FL 33405-1596

# APPENDIX A

1. Defendants shall select and engage a reputable forensic firm to conduct an inspection and collection of specified electronic data sources in a forensically sound manner from Defendants (collectively, the "Providing Parties").

2. Defendants shall cooperate with the forensic firm by providing access to all electronic data sources that may contain potentially relevant data, including but not limited to any and all electronic data sources referenced in the Plaintiff's Electronically Stored Information Preservation Letter dated September 30, 2021. Access to all electronic data sources will include, but is not limited to, providing log in credentials, passwords and requisite access to the data sources.

3. Plaintiff shall submit a list of proposed search terms to Defendants and both parties will meet and confer to finalize the targeted search terms to identify potentially relevant information contained on the identified electronic sources. The agreed-upon search terms will be applied to the collected electronic data by the independent forensic firm. Data that cannot be searched by the forensic collection firm during the collection process will be maintained by the collection firm. The collection forensic firm will then apply the agreed-upon search terms to the electronic data at its in-house facilities.