UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                              Chapter 7

ROBERT W. SZOSTAK                                   Case No. 22-11098-MAM

                    Debtor.
_____/

**NOTICE OF RULE 2004 EXAMINATION**

**(Refiled After Reinstatement)**

☐     *Testimony:* Pursuant to Federal Rule of Bankruptcy Procedure 2004 and Local Rule 2004-1, **MicroBilt Corporation and Princeton Alternative Funding, LLC** will examine **Robert Szoztak, the Debtor,** under oath on **June 17, 2022** at **10:00 a.m.**. The examination will be conducted **via video conference [details will be filed on the docket the week before the examination]**, and will be recorded stenographically by a court reporter, who shall be available at the scheduled time and place, and further intends to use real-time transcription if available. The examination may continue from day to day until completed.

☐     *Production:* Pursuant to Federal Rule of Bankruptcy Procedure 2004 and Local Rule 2004-1, **MicroBilt Corporation and Princeton Alternative Funding, LLC** requests that **Robert Szostak, the Debtor** produce the documents, electronically stored information, or objects described on the attached schedule (or if the examination is of a witness other than the debtor, on the attached subpoena), who must permit inspection, copying, testing, or sampling of the materials on **June 14, 2022** at **9:00 a.m. (prevailing eastern time)**, at **777 S Flagler Dr., West Palm Beach FL 33401.**

    If the examinee receives this notice less than 14 days before the scheduled examination date, the examination will be rescheduled upon timely request to a mutually agreeable time. The scope of the examination will be as described in Bankruptcy Rule 2004. Pursuant to Local Rule 2004-1 no order is necessary. If the examination is of a witness other than the debtor, the Local Form "Subpoena for Rule 2004 Examination" is included with this notice.

Dated:  May 31, 2022

                                                  REED SMITH LLP
                                                 */s/ Alexis A. Leventhal*
                                                 Alexis A. Leventhal (Fla. Bar No. 108064)
                                                 Reed Smith LLP
                                                 225 Fifth Avenue, Suite 1200
                                                 Pittsburgh, PA  15222

Telephone: (412) 288-3131
Facsimile: (412) 288-3063
Email:  aleventhal@reedsmith.com
*Counsel for MicroBilt Corporation and Princeton Alternative Funding, LLC*

## *SCHEDULE TO NOTICE OF RULE 2004 EXAMINATION*

### PRIVILEGED OR PROPRIETARY MATTERS

If any document request requires the production of documents for which the protection of privilege or work product is asserted, identify in writing each document and provide the following information:

    (a)    the reason for withholding the document;

    (b)    a statement of the basis for the claim of the privilege, work product, or other grounds of nondisclosure; and

    (c)    a brief description of the document, including:

        (i)    the date of the document;

        (ii)    number of pages, attachments, and appendices;

        (iii)    the names of its author, authors, or preparer and identification by employment and title of each such person;

        (iv)    the name of each person who was sent, shown, or carbon copied the document or who has had access to or custody of the document, together with an identification of each such person;

        (v)    the present custodian; and

        (vi)    the subject matter of the document, and in the case of any document relating or referring to a meeting or conversation, identification of such meeting or conversation.

### LOST OR DESTROYED DOCUMENTS

If any document requested has been lost, discarded, or destroyed, identify such document as completely as possible, including the following information:

    a.    the type of document;

    b.    the date of the document;

    c.    the date or approximate date it was lost, discarded, or destroyed;

    d.    the circumstances and manner in which it was lost, discarded, or destroyed;

    e.    the reason or reasons for disposing of the document (if discarded or destroyed);

    f.    the identity of all persons authorizing or having knowledge of the circumstances surrounding disposal of the document;

    g.    the identity of the person(s) who lost, discarded, or destroyed the document; and

    h.    the identity of all persons having knowledge of the contents thereof.

## TIME PERIOD FOR REQUESTED DOCUMENTS

Except as provided in a particular document request, you shall produce all documents created, revised, or amended from and including November 1, 2014 to present.

## DEFINITIONS

1. "concerning" means relating to, referring to, describing, evidencing or constituting.

2. "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

3. "document" means all written, graphic, or otherwise recorded matter, however produced or reproduced, in the actual or constructive possession, custody, care or control of Debtor, Debtor's agents and attorneys, or any of them, including but not limited to, originals and all copies of correspondence, tapes, videotapes, disks, notes, photographs, sound recordings, memoranda of all types, reports, copies of tax returns and records, receipts, bills, invoices, purchase orders, charge slips,

hotel charges, working papers, computer printouts, charts, statistical records, delivery records, stenographers' notebooks, desk calendars, appointment books, diaries, time sheets and logs, job, matter and transaction files, and any papers or recordings similar thereto, including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

4. "Debtor" means Robert Szostak and representatives of any of the foregoing and all other persons acting or purporting to act on behalf of any of the foregoing.

5. "Electronic Data Sources" means your computers, cell phones, laptops, personal devices, servers, drives and any other storage devices that contain relevant information as described below

- e-mail, voice mail, text, WHATS APP and other instant messaging applications;
- Word or WordPerfect digital documents and drafts;
- Excel or other spreadsheets and tables;
- Accounting Application Data;
- Facsimile and PDF, TIFF, JPG, images;
- Video, Audio Photographs and AVI files;
- Databases;
- Outlook or other contact and relationship management data;
- Outlook and other calendar and diary application data;
- Online Access Data;
- PowerPoint and other presentations;
- Network Access and Server Activity Logs;
- Project Management Application Data;
- Computer Aided Design/Drawing Files;
- Back Up and Archival Files; and
- Social Media applications and websites, including, but without limitation, Facebook, Twitter, LinkedIn, blogs.

6. "person" means any natural person or any business, legal or governmental entity or association.

7. "Relevant Time Period" means the period of time commencing on November 1, 2014 and ending on the date of the deposition held pursuant to this Notice.

8. "you" or "your" means the party to whom this Notice is addressed, together with all agents and other persons acting on behalf of that party.

## INSTRUCTIONS

1. The Debtor shall produce the Electronic Data Sources for a forensically sound inspection and collection by a forensic firm.

2. The Debtor shall cooperate with the forensic firm by providing access to all Electronic Data Sources that may contain potentially relevant data. Access to all electronic data sources will include, but is not limited to, providing log in credentials, passwords and requisite access to the data sources.

### Requests for the Production of Documents

3. Please produce any and all statements of account or transactions history from February 1, 2021 to the present for any accounts listed in Part 4, Question 17 of the Schedule A/B filed by the Debtor in the above referenced case.

4. Please produce any and all Documents exchanged and/or communications with the Securities and Exchange Commission related to the "Possible SEC Whistleblower Award" listed in Part 4, Question 34 of the Schedule A/B filed by the Debtor in the above referenced case.

5. Please produce all Documents in any way related to any aspect of the Debtor's association with or ownership, founding and officer/manager role with Lead Hero LLC from February 1, 2018 to the present.

6. Please produce all Documents in any way related to any aspect of the Debtor's association with or ownership, founding and officer/manager role with Present Company LLC from February 1, 2018 to the present.

7. Please produce all Documents in any way related to any aspect of the Debtor's association with or ownership, founding and officer/manager role with Sarah Copley Media from February 1, 2018 to the present.

8. Please produce any and all statements of account or transactions history from February 1, 2021 to the present for any accounts listed in Part 2, Question 4 of the Schedule E/F filed by the Debtor in the above referenced case.

9. Please produce any and all 1099s, W-2 or other statements of earnings from January 1, 2020 to the present from any sources for any wages, commissions bonuses, tips (including the dates earned) listed in Question 4 of the Statement of Financial Affairs filed by the Debtor in the above referenced case.

10. Please produce any and all statements or other Documents from January 1, 2020 to the present from any sources for any Unemployment Compensation (including the dates paid and for what periods) listed in Question 5 of the Statement of Financial Affairs filed by the Debtor in the above referenced case.

11. Please produce any and all Documents from January 1, 2020 to the present for the "Attorney Fee" listed in Question 16 of the Statement of Financial Affairs filed by the Debtor in the above referenced case.

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on May 31, 2022, a copy of the foregoing was electronically filed with the Court using the CM/ECF system, which sent notification to all parties of interest who are participating in the CM/ECF system, and by First Class U.S. mail to all parties on the attached mailing service list.

                                        */s/ Alexis A. Leventhal*
                                        Alexis A. Leventhal

**First Class U.S. Mailing List:**
Robert W. Szostak
3191 S Dixie Hwy, Apt 515
West Palm Beach, FL 33405-1596