UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                                          Chapter 7

ROBERT W. SZOSTAK                                               Case No. 22-11098-MAM

                Debtor.
_____/

**SIXTH AGREED *EX PARTE* MOTION TO EXTEND TIME TO OBJECT
TO DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523 AND
TO DISCHARGE PURSUANT TO 11 U.S.C. § 727**

      Creditors, MicroBilt Corporation and Princeton Alternative Funding, LLC (together, the "Creditors"), through undersigned counsel, pursuant to 11 U.S.C. § 523 and 11 U.S.C. § 727, with the consent of the Debtor, respectfully requests entry of a sixth agreed *ex parte* order permitting an additional thirty (30) days in which to object to dischargeability of debt pursuant to 11 U.S.C. § 523 and/or for objection to discharge pursuant to 11 U.S.C. § 727, Bankruptcy Rules 4004 and 4007, and Local Rule 9013-1(C)(1) and 9013-1(C)(6), and in support thereof, states:

      1.    The original deadline to commence an adversary proceeding to object to debtors' discharge or the dischargeability of any debt was June 27, 2022, which was extended to July 27, 2022; again to August 31, 2022; again to September 30, 2022; again to October 31, 2022; again to January 5, 2023, pursuant to the Court's entry of Orders [ECF Nos. 48, 53, 56, and 63] granting the *Agreed Ex Parte Motion to Extend Time to Object to Dischargeability of Debt Pursuant to 11 U.S.C. § 523 and to Discharge Pursuant to 11 U.S.C. § 727* (the "First Agreed Motion") [ECF No. 47]; the *Second Agreed Ex Parte Motion to Extend Time to Object to Dischargeability of Debt Pursuant to 11 U.S.C. § 523 and to Discharge Pursuant to 11 U.S.C. § 727* (the "Second Agreed

Motion") [ECF No. 51]; the *Third Agreed Ex Parte Motion to Extend Time to Object to Dischargeability of Debt Pursuant to 11 U.S.C. § 523 and to Discharge Pursuant to 11 U.S.C. § 727* (the "Third Agreed Motion") [ECF No. 55]; the *Fourth Agreed Ex Parte Motion to Extend Time to Object to Dischargeability of Debt Pursuant to 11 U.S.C. § 523 and to Discharge Pursuant to 11 U.S.C. § 727* (the "Fourth Agreed Motion") [ECF No. 61]; and, following a hearing on November 8, 2022, the *Fifth Agreed Ex Parte Motion to Extend Time to Object to Dischargeability of Debt Pursuant to 11 U.S.C. § 523 and to Discharge Pursuant to 11 U.S.C. § 727* (the "Fifth Agreed Motion") [ECF No. 66] respectively.

2. As explained in the First Agreed Motion, Second Agreed Motion, Third Agreed Motion, Fourth Agreed Motion, and Fifth Agreed Motion Creditors filed a *Notice of Rule 2004 Examination* [ECF No. 44] (the "2004 Notice") seeking production of documents and examination of the Debtor, to which the Debtor raised informal objections and which objections have been resolved by the parties pursuant to an agreement limiting the scope of the examination given that "Creditors"/Interested Parties have been granted stay relief by agreement under the "Pending Proceedings" doctrine. Such agreement is reflected in an agreed motion for protective order limiting the scope of the Rule 2004 examination (the "Motion for Protective Order") [ECF No. 58]. The Motion for Protective Order was granted on September 12, 2022 (the "Protective Order") [Doc. No. 59]. With the Protective Order now in place, the parties have been working to finalize an agreed timeline for completing the limited 2004 Exam and production of documents.

3. Despite the parties' best efforts to work to timely complete the limited 2004 Exam and production of documents, such efforts have been significantly hampered by forces beyond the parties' immediate control. Since the inception of this bankruptcy case, counsel for the Debtor has changed law firms twice: from McLaughlin Stern to Lubell Rosen, LLC; and then from Lubell

Rosen, LLC to counsel's current law firm of Rappaport Osborne & Rappaport, PLLC. These moves have created delays in the ability for counsel to complete production of documents, which production is necessary prior to completing the limited 2004 Exam of the Debtor. Specifically, in addition to the expected logistical delay of changing law firms, counsel's immediate past law firm has placed a hold on the documents responsive to the 2004 Exam and refused to make these available to the Debtor's counsel, such that counsel to the Debtor has been unable to provide any documentation to Creditors' counsel. The parties continue to work amicably together to resolve this delay, but are unlikely to do so ahead of the current deadlines.

4. In consideration of the parties' further cooperate efforts, Debtor has agreed to the extension of the 523 and 727 deadlines as requested by the Creditors.

5. Creditors, with the consent of the Debtor, respectfully request an extension of thirty (30) days, or until February 6, 2023, to object to the Debtor's discharge and/or to the dischargeability of any debt for the reasons enumerated above.

6. The Debtor and his counsel have agreed to the requested relief pursuant to Local Rule 9013-1(C)(6).

7. A proposed agreed *ex parte* order granting the relief requested is attached as required by Local Rule 5005-1(G)(1)(a).

WHEREFORE, Creditors respectfully request entry of an Agreed *Ex Parte* Order extending the deadlines for the filing of a complaint objecting to the dischargeability of certain debt pursuant to 11 U.S.C. § 523 and for filing a complaint objecting to debtor's discharge pursuant to 11 U.S.C. § 727, for an additional thirty (30) days, or until February 6, 2023, and for such other relief as this Court deems appropriate.

Dated: December 14, 2022                                    Respectfully submitted,

/s/ *Alexis A. Leventhal*
Alexis A. Leventhal (Fla. Bar No. 108064)
Reed Smith LLP
225 Fifth Avenue, Suite 1200
Pittsburgh, PA  15222
Telephone: (412) 288-3131
Facsimile: (412) 288-3063
Email:  aleventhal@reedsmith.com

*Counsel for MicroBilt Corporation and Princeton Alternative Funding, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 14, 2022, a copy of the foregoing was electronically filed with the Court using the CM/ECF system, which sent notification to all parties of interest who are participating in the CM/ECF system, and by First Class U.S. mail to all parties on the attached mailing service list.

/s/ Alexis A. Leventhal
Alexis A. Leventhal

**First Class U.S. Mailing List:**
Robert W. Szostak
3191 S Dixie Hwy, Apt 515
West Palm Beach, FL 33405-1596

**EXHIBIT A**

**[PROPOSED ORDER]**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**
www.flsb.uscourts.gov

In re:

                                                 Case No. 22-11098-MAM

ROBERT W. SZOSTAK,              Chapter 7

           Debtor.
_____/

**SIXTH AGREED ORDER GRANTING CREDITOR MICROBILT CORPORATION
AND PRINCETON ALTERNATIVE FUNDING, LLC'S SIXTH AGREED *EX PARTE*
MOTION TO EXTEND TIME TO OBJECT TO DISCHARGEABILITY OF DEBT
PURSUANT TO 11 U.S.C. § 523 AND TO DISCHARGE PURSUANT TO 11 U.S.C. § 727
[ECF NO. ___]**

**THIS MATTER** came before the Court, *ex parte*, without a hearing, upon the *Sixth Agreed Ex Parte Motion to Extend Time to Object to Dischargeability Pursuant to 11 U.S.C. § 523 and Discharge Pursuant to 11 U.S.C. § 727* [ECF No. __] (the "Motion") filed by Creditors MicroBilt

Corporation and Princeton Alternative Funding, LLC (together, the "Creditors") and the Court, having considered the Motion, noting that the Debtor has agreed to the requested relief, it is hereby

**ORDERED:**

1. The Motion is Granted.

2. The time within which Creditors may file a complaint objecting the dischargeability of certain debt pursuant to 11 U.S.C. § 523, and/or for objecting to Debtors' discharge pursuant to 11 U.S.C. § 727, is hereby extended to February 6, 2023.

###

**Submitted by:**

Alexis A. Leventhal (Fla. Bar No. 108064)
Reed Smith LLP
225 Fifth Avenue, Suite 1200
Pittsburgh, PA  15222
Telephone: (412) 288-3131
Facsimile: (412) 288-3063
Email:  aleventhal@reedsmith.com

*Attorney Leventhal is directed to serve a copy of this order on all interested parties within three (3) days of entry and to file a certificate of service thereon.*