**UNITED STATES BANKRUPTCY COURT FOR THE**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
www.flsb.uscourts.gov

**In re:**

**ROBERT W. SZOSTAK,**                                   **Case No. 22-11098-MAM**

**Debtor.**                                              **Chapter 7**

_____/

**DEBTOR, ROBERT W. SZOSTAK'S MOTION FOR ESTIMATION OF CLAIM OF**
**MICROBILT CORPORATION AND PRINCETON ALTERNATIVE FUNDING, LLC.**

Robert W. Szostak, ("Debtor"), by and through her undersigned counsel, moves this Court pursuant to 11 U.S.C. § 502(c), for estimation of the Claim of Microbilt Corporation and Princeton Alternative Funding, LLC, and in support thereof, states:

1.      As of the date of this motion, Microbilt Corporation and Princeton Alternative Funding, LLC's ("Creditors") alleged claim against the Debtor remains unliquidated.

2.      No judgment has been entered against the Debtor on the underlying claim in any court or other forum.

3.      The claim, if it exists at all, is contingent upon the outcome of litigation in New Jersey that has been pending for more than ten (10) years and has not been prosecuted by the Creditors towards conclusion, but rather for the purpose of causing delay in the administration of this case as liquidation of the alleged claim is not within the foreseeable future.

4.      The Adversary Complaint in Adv. No. 23-01146-MAM fails to state a cognizable claim against this bankruptcy estate.

5.      The alleged claim is speculative and unsupported by evidence.

6. The alleged claim fails to allege any debtor-specific allegations that would connect the Debtor to the Creditors' alleged claim. Rather, the Creditors employed "group allegations" where it is impossible to discern the individual against whom a given allegation would relate.

7. Further, the Creditors have failed to prosecute their claim with reasonable diligence. Discovery is still ongoing and discovery disputes run rampant through the docket of the New Jersey proceedings. The case is languishing and there is no hope for a speedy resolution, even after a 10-year period.

8. The Creditors' inaction in joining the Debtor's spouse, Copley E. Szostak, in the New Jersey proceedings has caused undo delay and the Creditors should be deemed to have waived any right to pursue the Debtor in the New Jersey proceedings as Creditors have constructively abandoned their alleged claim which supports an estimation of zero. It was upon the motion of the Creditors that stay relief was granted from early in the case.

9. The estate cannot proceed to case closure during the continuing unliquidated status of Creditors' specious claim.

10. Section 502(c)(1) was enacted precisely to address this situation — to prevent a single unresolved claim from holding an entire bankruptcy case hostage.

11. Estimation at zero eliminates the administrative bottleneck and permits the case to proceed without further delay.

12. 11 U.S.C. § 502(c)(1) provides: *"There shall be estimated for purpose of allowance under this section... any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case."*

2

13. 11 U.S.C. § 502(c)(1) is mandatory *("shall estimate")* when the two prerequisites are met: (1) the claim is contingent or unliquidated, and (2) liquidation would unduly delay case administration.

14. The court has broad discretion in selecting the estimation methodology. *Bittner v. Borne Chem. Co.*, 691 F.2d 134, 135 (3d Cir. 1982).

15. *Bittner, Id*, confirms that estimation at zero is a permissible and appropriate outcome under § 502(c). The evidentiary record — or more precisely, the lack thereof — supports no other conclusion.

WHEREFORE, the Debtor, Robert W. Szostak, respectfully requests that the Court issue an order estimating the Creditors' claim at zero dollars ($0.00) pursuant to 11 U.S.C. § 502(c)(1), a finding that the claim is contingent and/or unliquidated, a finding that continued litigation of the alleged claim would unduly delay administration of the bankruptcy estate, a disallowance of the claim in its entirety, consistent with the zero-dollar estimation, and for such other and further relief as the Court deems appropriate.

**Dated: April 16, 2026**

 Respectfully submitted,

 */s/ Steven S. Newburgh*
Steven S. Newburgh, Esq.
Steve Newburgh, P.A.
884 NW 6th Drive
Boca Raton, FL 33486
(561) 329-1997
ssn@newburghlaw.com

*Counsel for Debtor, Robert W. Szostak*

3

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing was furnished to all interested parties as

shown on the attached Court Mailing list by CM/ECF and by regular, U.S. Mail to all recipients

not authorized to received notices from the court, electronically.

Respectfully submitted,

/s/ Steven S. Newburgh
Steven S. Newburgh, Esq.
Steve Newburgh, P.A.
884 NW 6th Drive
Boca Raton, FL 33486
(561) 329-1997
ssn@newburghlaw.com
Florida Bar No. 0348619

*Counsel for Debtor, Robert W. Szostak*

4

# Mailing Information for Case 22-11098-MAM

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Robert C Furr    trustee@furrtrustee.com, rcf@trustesolutions.net
- Alexis A Leventhal    aleventhal@reedsmith.com
- Edward M Mullins    emullins@reedsmith.com, docampo@reedsmith.com
- Steven S Newburgh    ssn@newburghlaw.net, tina@newburghlaw.net
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov

## Manual Notice List

The following is the list of **parties** who are **not** on the list to receive email notice/service for this case (who therefore require manual noticing/service).

Derek J Baker
c/o Reed Smith LLP
1717 Arch St #3100
Philadelphia, PA 19103

Michael P. Cooley
Reed Smith LLP
2850 N. Harwood Street Suite 1500
Dallas, TX 75201

Emily C. Costantinou
Reed Smith LLP
225 Fifth Ave
Pittsburgh, PA 15222

Orion
PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541

5